1

2

3                                                          O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   CHIH CHENG TSAO,              )   Case No. CV 09-01268 DDP (CWx)
                                   )
12             Plaintiff,          )   **ORDER (1) GRANTING IN PART AND**
                                   )   **DENYING IN PART COUNTY AND**
13        v.                       )   **INDIVIDUAL COUNTY DEFENDANTS'**
                                   )   **MOTION TO DISMISS, (2) GRANTING**
14   COUNTY OF LOS ANGELES;        )   **IN PART AND DENYING IN PART**
     OFFICE OF THE ASSESSOR; SEIU  )   **COUNTY AND INDIVIDUAL COUNTY**
15   LOCAL 721 AND SOLEDAD         )   **DEFENDANTS' MOTION TO STRIKE, (3)**
     SARMIENTO-OSBORNE; ANNE       )   **GRANTING UNION AND INDIVIDUAL**
16   SUAREZ; SEPIDEH A. SOURIS;    )   **UNION DEFENDANTS' MOTION TO**
     WILLIAM T. FUJIOKA; MICHAEL   )   **DISMISS, AND (4) DENYING**
17   J. HENRY; FRANK DOMINGUEZ;    )   **PLAINTIFF'S MOTION FOR SUMMARY**
     ROSE RANGEL,                  )   **JUDGMENT**
18                                 )   [Motions filed on June 30, July
               Defendants.         )   9, 2009, July 10, 2009, and July
19   _____ )   15, 2009]

20        Plaintiff Chih Cheng Tsao ("Plaintiff"), appearing pro se,

21   filed this suit alleging unlawful retaliation under Title VII of

22   the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and negligent

23   infliction of emotional distress ("NIED") against the defendants

24   the County of Los Angeles Office of the Assessor (the "County"),

25   Soledad Sarmiento-Osborne, Anna Suarez, Sepideh A. Souris, and

26   William T. Fujioka (collectively the "Individual County

27   Defendants"); as well as SIEU Local 721 (the "Union"), Frank

28   ///

1  Dominguez, and Rose Rangel (collectively the "Individual Union

2  Defendants").

3      This matter comes before the Court on the County and

4  Individual County Defendants' Motion to Dismiss and Motion to

5  Strike, the Union and Individual Union Defendants' Motion to

6  Dismiss, and Plaintiff's Motion for Summary Judgment.  After

7  reviewing the papers submitted by the parties, Court (1) grants in

8  part and denies in part the County and Individual County

9  Defendants' Motion to Dismiss, (2) grants in part and denies in

10  part the County and Individual County Defendants' Motion to Strike,

11  (3) grants the Union and Individual Union Defendants' Motion to

12  Dismiss, and (4) denies Plaintiff's Motion for Summary Judgment.

13  **I.     BACKGROUND**

14      **A.    Factual History**

15      At all times relevant to this complaint, the Plaintiff has

16  been employed by the County as an Intermediate Clerk.  (Union

17  Defendants' Mot. Dismiss ("Union Mot.") 2:13-15.)

18      In July of 2006, Plaintiff filed a complaint against the

19  County with the U.S. Equal Employment Opportunity Commission

20  ("EEOC"), EEOC Charge No. 480-206-02793, the contents of which are

21  unknown to the Court.  (First Amended Complaint ("FAC") ¶ 3.)

22  Plaintiff claims that from September 18, 2006, onward, her

23  supervisor, Sarmiento-Osborne, who is Filipino, discriminated

24  against her because she is Taiwanese.  (Id.)  Additionally,

25  Plaintiff claims that she was subjected to retaliation for having

26  previously filed EEOC complaints against the County.  (Id.)

27      On December 18, 2006, Plaintiff filed EEOC Charge No. 180-

28  2007-00785, claiming that she had "been subjected to different

2

terms and conditions of employment" by her supervisor and that "[n]o reason had been given as to why [she was] being treated differently." (FAC Ex. A, Charge of Discrimination No. 180-2007-00785.) Plaintiff "believes that [she is] being discriminated against because of [her] national origin" and is "being retaliated against for having filed a previous EEOC charge (480-206-02793)." (Id.)

During the course of the next year, Plaintiff claims that she was subject to different terms and conditions of employment in retaliation for having filed EEOC complaints against the County. Among other things, Plaintiff claims the County subjected her to unlawful retaliation by: (1) denying her an opportunity to do "ARB work" and to use an "ARB computer," (FAC ¶ 3); (2) denying her a promotion, (FAC Ex. A, Charge of Discrimination No. 480-2008-00197); (3) denying her the right to have her interview results reevaluated, (FAC Ex. A, Charge of Discrimination No. 480-2007-01392); (4) requiring her to undergo a psychological evaluation, (FAC Ex. A, Charge of Discrimination No. 480-2008-00197); and (5) denying her appeal "not to appear for a psychological re-evaluation", (FAC ¶ 3; Ex. A, Charge of Discrimination No. 480-2008-01858).

In addition to filing several EEOC complaints against the County, Plaintiff also filed complaints against the Union relating to the County's order that she undergo a psychological evaluation. Plaintiff alleges that from October 5, 2007, to October 16, 2007, the Union, Defendant Dominguez, and Defendant Rangel refused to file a grievance challenging the County's actions in placing Plaintiff on administrative leave "because Plaintiff had filed

1  previous [] EEOC charge[s]." (FAC ¶ 4.) Plaintiff alleges that

2  Defendant Dominguez, the Union Steward, "refused to inform

3  Plaintiff to take the psychological re-evaluation on October 16,

4  2007." (FAC ¶ 4.) Plaintiff filed two complaints with the EEOC

5  against the Union, one on July 8, 2008, and the other on July 21,

6  2008, concerning Defendant Dominguez's alleged failure to inform

7  her to take the psychological re-evaluation and the Union's refusal

8  to file a grievance concerning Plaintiff's administrative leave.

9  (FAC Ex. B, Charges of Discrimination Nos. 480-2008-03056 & 408-

10  2008-02727.)

11        **B.  Procedural History**

12        Plaintiff filed suit against the County, the Individual County

13  Defendants, the Union, and the Individual Union Defendants on March

14  5, 2009. (Dkt. No. 3.) Plaintiff filed the FAC on June 8, 2009,

15  raising two causes of action: (1) retaliation under Title VII and

16  (2) NIED. (Dkt. No. 16.)

17        On June 30, 2009, the Union and the Individual Union

18  Defendants filed a Motion to Dismiss the FAC under Federal Rule of

19  Civil Procedure 12(b)(6) for failure to state a claim upon which

20  relief can be granted. (Dkt. No. 25.) The Court vacated the motion

21  because it was erroneously scheduled before Magistrate Judge

22  Woerhle, (dkt. no. 41), and the motion was re-filed on July 10,

23  2009, (dkt. no. 43.) The Union and Individual Union Defendants

24  argue that Plaintiff has (1) failed to state a claim for

25  retaliation and NIED, and (2) filed the equivalent of a breach of

26  fair representation claim in which she has failed to state a claim.

27  (Union Mot. 1:10-13, 17:20-23.)

28

1     On June 30, 2009, the County and the Individual County
2  Defendants filed a Motion to Dismiss for (1) insufficiency of
3  process and service of process, Fed. R. Civ. P. 12(b)(4)-(5); (2)
4  lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1); and
5  (3) failure to state a claim upon which relief can be granted, Fed.
6  R. Civ. P. 12(b)(6) for both retaliation and NIED.  (Dkt. No. 33.)
7  The County Defendants argue that Plaintiff failed to (1) properly
8  serve the individual County Defendants with the FAC;[1] (2) exhaust
9  her administrative remedies; and (3) state a claim for retaliation
10 and NIED.  The County filed a Motion to Strike Plaintiff's requests
11 for: (1) damages for NIED; (2) attorney's fees; (3) prejudgment
12 interest; (4) compensation for a car accident; and (5) new
13 employment.

14     In addition, on July 9, 2009, Plaintiff filed a Motion for
15 Summary Judgment.  (Dkt. No. 49.)

16 **II.  DISCUSSION**

17     **A.  County Defendants' Motion to Dismiss**[2]

18          1.  <u>Lack of Subject Matter Jurisdiction</u>

19

20

---

21     [1] The Court does not address the service of process issue
22 because it finds dismissal of Plaintiff's claims against the
   Individual County Defendants appropriate on alternative grounds.

23     [2] Plaintiff contends that the County failed to serve the
24 Motion to Dismiss prior to the deadline.  The Court finds that good
   cause excuses any failure to timely serve Plaintiff, and that
25 Plaintiff has not been prejudiced by any such failure.  Fed. R.
   Civ. P. 6(b)(1); <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.</u>
26 <u>P'ship</u>, 507 U.S. 380, 395 (1993) ("The factors to consider include
   the danger of prejudice the length of the delay, its potential
27 impact on judicial proceedings, the reason for the delay, and
   whether the movant had acted in good faith.")

28

1    Federal courts are courts of limited jurisdiction, and thus a
2  plaintiff's claim must invoke either diversity jurisdiction or
3  federal question jurisdiction.  28 U.S.C. §§ 1331, 1332.  A court
4  will dismiss a complaint pursuant to Federal Rule of Civil
5  Procedure 12(b)(1) when the complaint or relevant extrinsic
6  evidence demonstrates that the court lacks subject matter
7  jurisdiction over the claim.  Roberts v. Corrothers, 812 F.2d 1173,
8  1177 (9th Cir. 1987).  Federal question jurisdiction is governed by
9  the "well-pleaded complaint rule," which provides that subject
10 matter jurisdiction is proper only when a question arising under
11 the Constitution, laws, or treaties of the United States appears on
12 the face of a proper complaint.  See 28 U.S.C. § 1331; Caterpillar
13 Inc. v. Williams, 482 U.S. 386, 392 (1987).  It is well-
14 established, however, that a court is to "liberally construe" the
15 complaint of a plaintiff appearing pro se.  See Eldridge v. Block,
16 832 F.2d 1132, 1137 (9th Cir. 1987).

17   "A person seeking relief under Title VII must first file a
18 charge with the EEOC within 180 days of the alleged unlawful
19 employment practice . . . ."  Surrell v. Cal. Water Svc. Co., 518
20 F.3d 1097, 1104 (9th Cir. 2008).  If the EEOC decides not to bring
21 suit based upon the charge, it must "notify the person aggrieved"
22 that she can file suit by issuing a right to sue letter.  Id.
23 (quoting 42 U.S.C. § 2000e-5(f)(1)).  After the plaintiff has
24 received a right-to-sue letter, she must file suit within 90 days.
25 Id. (citing 42 U.S.C. § 2000e-5(f)(1)).

26   However, "failure to obtain a federal right-to-sue letter does
27 not preclude federal jurisdiction."  Id.  To the contrary, "filing
28 a timely charge of discrimination with the EEOC is not a

1  jurisdictional prerequisite to suit in federal court, but a
2  requirement that, like a statute of limitations, is subject to
3  waiver, estoppel, and equitable tolling." Zipes v. Trans World
4  Airlines, Inc., 455 U.S. 385, 393 (1982); see also Temengil v.
5  Trust Territory of Pacific Islands, 881 F.2d 647, 654 (9th Cir.
6  1989) ("Pursuit of administrative remedies is a condition precedent
7  to a Title VII claim.  The requirement, however, is not
8  jurisdictional.") (citations omitted).
9       The County and Individual County Defendants' argument
10  concerning lack of subject matter jurisdiction is without merit.
11  The face of Plaintiff's complaint clearly states that "[t]his is a
12  civil action seeking damages under Title VII of the Civil Rights
13  Act of 1964," (FAC ¶ 1), and contains multiple allegations
14  concerning the County's retaliation against Plaintiff for engaging
15  in protected activities under Title VII.  (See, e.g., FAC ¶ 3.)
16  The County Defendants argue that Plaintiff has failed to exhaust
17  administrative remedies before the County's Civil Service
18  Commission, a jurisdictional defect that deprives the Court of
19  subject matter jurisdiction.  (County Mot. Dismiss ("County Mot.")
20  10:6-9.)  However, the exhaustion requirement under Title VII is
21  satisfied by "filing a timely charge with the EEOC," B.K.B., 276
22  F.3d at 1099, and, in any event, the failure to exhaust is not a
23  jurisdictional defect, Temengil, 881 F.2d at 654.
24           2.   Failure to State a Claim
25       A complaint survives a motion to dismiss where it "contain[s]
26  sufficient factual matter, accepted as true, to state a claim to
27  relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.
28  Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007)).   A court properly dismisses a complaint on a Rule

12(b)(6) motion based upon the "lack of a cognizable legal theory

or the absence of sufficient facts alleged under the cognizable

legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

699 (9th Cir. 1990).   When considering a 12(b)(6) motion to dismiss

for failure to state a claim, a court must "accept as true all

allegations of material fact and must construe those facts in the

light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d

443, 447 (9th Cir. 2000).   Although a pleading need not include

"detailed factual allegations," it must be "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct.

at 1949.   Conclusory allegations or allegations that are no more

than legal conclusions "are not entitled to the assumption of

truth." Id. at 1950.   In other words, a pleading that merely

offers "labels and conclusions," a "formulaic recitation of the

elements," or "naked assertions" will not be sufficient. Id. at

1949 ( citations and internal quotation marks omitted).

      "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they

plausibly give rise to an entitlement of relief" based on the

relevant substantive standard. Id. at 1950.   The plaintiffs must

allege "plausible grounds to infer" that their claims rise "above

the speculative level." Twombly, 550 U.S. at 555-56.   However, the

complaint need only state "enough facts to state a claim to relief

that is plausible on its face." Id. at 570.   A well-pleaded

complaint may proceed even if it appears "that a recovery is very

remote and unlikely." Id. at 555 (quoting Scheuer v. Rhodes, 416

U.S. 232, 236 (1974)).   "Determining whether a complaint states a

1  plausible claim for relief" is "a context-specific task that

2  requires the reviewing court to draw on its judicial experience and

3  common sense." Iqbal, 129 S. Ct. at 1950.  However, "where the

4  well-pleaded facts do not permit the court to infer more than the

5  mere possibility of misconduct, the complaint has alleged- but it

6  has not 'shown'- 'that the pleader is entitled to relief.'" Id.

7  (quoting Fed. R. Civ. P. 8(a)(2))(internal brackets omitted).

8              a.   Retaliation Under Title VII

9                   i.   Individual County Defendants

10     Individual defendants cannot be held liable under Title VII.

11 Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993).

12 Therefore, Plaintiff's Title VII claims against the Individual

13 County Defendants are dismissed with prejudice.

14                  ii.   The County

15     Under Title VII, discrimination charges must be filed with the

16 EEOC within 180 days of the alleged discriminatory conduct.  42

17 U.S.C. § 2000e-5(e)(1).  Once the EEOC issues a right-to-sue

18 letter, the Title VII claimant has 90 days to bring suit;

19 otherwise, the action is time barred.  42 U.S.C. § 2000e-5(f)(1).

20 See Scholar v. Pac. Bell, 963 F.2d 264, 266-67 (9th Cir. 1992).

21 The employer has the burden of showing that the employee filed the

22 Title VII suit beyond the 90-day statute of limitations that

23 follows the receipt of the right-to-sue letter.  See Payan v.

24 Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1122 (9th Cir.

25 2007).

26     The County appears to argue that the instant suit is not

27 timely because it is "impossible to determine if the charge was

28 timely filed."  (County Mot. 14:3.)  The County has the burden of

demonstrating that the complaint is time-barred. <u>See</u> <u>Payan</u>, 495 F.3d at 1122. The County has not met that burden in this instance. Therefore, the cause of action for retaliation cannot be dismissed as time-barred.

The County next argues that Plaintiff has failed to plead a prima facie case for retaliation under Title VII.  In order to state a prima facie case for retaliation under Title VII, a plaintiff must show that "(1) [s]he engaged in activity protected under Title VII, (2) [her] employer subjected [her] to an adverse employment action, and (3) the employer's action is causally linked to the protected activity." <u>Jurado v. Eleven-Fifty Corp.</u>, 813 F.2d 1406, 1411 (9th Cir. 1987).

The County asserts that Plaintiff has failed to show that she has been subjected to any adverse employment action.  "An action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity." <u>Ray v. Henderson</u>, 217 F.3d 1234, 1243 (9th Cir. 2000).  The County reasons that an adverse employment action is an action that is likely to deter EEOC complaints, and that its actions could not be considered adverse under this definition because Plaintiff filed several EEOC complaints and lawsuits after some of the alleged retaliatory actions were taken.  (County Mot. 12:21-26, 13:8-15.) This argument is not persuasive because an adverse employment action need only be <u>likely</u> to deter EEOC complaints; it need not actually do so.  <u>Ray</u>, 217 F.3d at 1243.  Plaintiff's allegations that the County disciplined her and denied her a promotion, among other things, satisfy the requirement that she plead an adverse employment action.  <u>See, e.g.</u>, <u>Brooks v. City of San Mateo</u>, 229

F.3d 917, 928 (9th Cir. 2000) ("Among those employment decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion.").

In addition, the County argues that "Plaintiff's allegations are utterly devoid in showing any nexus" between the EEOC complaints and any action taken by the County. (County Mot. 13:17-20.) The County appears to rely upon the temporal proximity between the time of the adverse action and the EEOC charges to establish the lack of causal connection. See Miller v. Fairchild Industries, Inc., 885 F.2d 498, 505 (9th Cir. 1989), cert. denied, 494 U.S. 1056 (1990) (holding that timing of plaintiffs' layoffs could be considered in determining whether employer's economic rationale was a pretext for retaliation). "Although a lack of temporal proximity may make it more difficult to show causation, circumstantial evidence of a pattern of antagonism following the protected conduct can also give rise to the inference." Porter v. Cal. Dep't of Corr., 419 F.3d 885, 895 (9th Cir. 2005) (internal quotation marks omitted).

Plaintiff alleges that she was disciplined on January 17, 2007, for having filed EEOC Charge No. 480-2007-00785 on December 18, 2006. (FAC ¶ 3.) Additionally, Plaintiff claims that she was placed on administrative leave in September 2007 in retaliation for filing previous EEOC charges. (Id.) Plaintiff filed several EEOC charges prior to September 2007, with dates ranging from December 18, 2006, to March 11, 2007. (See FAC ¶ 3, FAC Ex. A, EEOC Charge of Discrimination Nos. 480-2007-00785 & 480-2007-01392). At the

motion to dismiss stage, the Court does not consider a period of six months between an EEOC charge and the alleged retaliatory action to be so great as to preclude a causal connection. <u>Davis v. Team Elec. Co.</u>, 520 F.3d 1080, 1094 (9th Cir. 2008) (noting that an eighteen-month gap has been held to be "too long to support a finding of causation based on <u>timing alone</u>," and that the court has "found a prima facie case of causation . . . when adverse employment actions were taken more than two months after the employee filed an administrative complaint") (citations omitted) (emphasis added).

The Court therefore denies the Motion to Dismiss with respect to Plaintiff's retaliation claim under Title VII against the County.

b. <u>NIED</u>

"'[T]he negligent causing of emotional distress is not an independent tort, but the tort of negligence. The traditional elements of duty, breach of duty, causation, and damages apply. Whether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and a weighing of policy consideration for and against imposition of liability.'" <u>Burgess v. Superior Court</u>, 2 Cal. 4th 1064, 1072 (1992) (quoting <u>Marlene F. v. Affiliated Psych. Med. Clinic, Inc.</u>, 48 Cal. 3d 583, 588 (1989) )(internal brackets omitted). "[W]ith rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." <u>Potter v. Firestone Tire & Rubber Co.</u>, 6 Cal. 4th 965, 985 (1993).

The Tort Claims Act declares that "a public entity is not liable for an injury resulting from an act or omission of an

1  employee of the public entity where the employee is immune from
2  liability."  Cal. Gov't Code § 815.2(b).  Furthermore, "a public
3  employee is not liable for an injury resulting from his act or
4  omission where the act or omission was the result of the exercise
5  of the discretion vested in him, whether or not such discretion be
6  abused."  Cal. Gov't Code. § 820.2.  "Generally speaking, a
7  discretionary act is one which requires the exercise of judgment or
8  choice.  Discretion has also been defined as meaning equitable
9  decision of what is just and proper under the circumstances."
10  Burgdorf v. Funder, 246 Cal. App. 2d 443, 449 (1966).

11       The acts giving rise to Plaintiff's cause of action for NIED
12  against the County and the Individual County Defendants consist of
13  the County disciplining her, placing her on administrative leave,
14  failing to promote her, and requiring her to take a psychological
15  exam, all allegedly to retaliate against Plaintiff for having filed
16  previous EEOC charges.  Each of these acts is a discretionary act
17  entitling the County and the Individual County Defendants to
18  immunity from liability for NIED.  Cal. Gov't Code §§ 815.2(b),
19  820.2.  Therefore, the Court dismisses with prejudice Plaintiff's
20  NIED claims against the County and the Individual County
21  Defendants.

22       **B. County Defendant's Motion to Strike**
23       "The court may strike from a pleading an insufficient
24  defense or any redundant, immaterial, impertinent, or
25  scandalous matter.  The court may act: (1) on its own; or (2)
26  on motion made by a party either before responding to the
27  pleading or, if a response is not allowed, within 20 days
28  after being served with the pleading."  Fed. R. Civ. P. 12(f).

1    The County submitted a Motion to Strike Plaintiff's
2    requests for (1) damages for NIED; (2) attorney's fees; (3)
3    prejudgment interest; (4) compensation for the cost of a car
4    accident; and (5) new employment.

5              1.   Damages for NIED

6    Because the Court has determined that the Plaintiff's
7    claims for NIED should be dismissed with prejudice, the Motion
8    to Strike Plaintiff's request for damages for NIED is granted.

9              2.   Attorney's Fees

10   It is not appropriate at this time to dismiss Plaintiff's
11   request for attorney's fees on the ground that she is
12   appearing pro se.  It is common practice to award attorney's
13   fees to a successful plaintiff in a in action under Title VII.
14   Albemarle Paper Co. v. Moody, 422 U.S. 405, 415 (1975).
15   Plaintiff can, at any time, choose to retain counsel and
16   submit a motion requesting attorney's fees.  Absent a finding
17   that Defendant has not committed a Title VII violation, the
18   Court cannot strike Plaintiff's request for attorney's fees.

19             3.   Prejudgment Interest

20   The County has failed to articulate a reason why
21   Plaintiff should not be entitled to prejudgment interest if
22   she were to prevail on her retaliation claim.  The trial court
23   has the discretion to award prejudgment interest on a back-pay
24   award.  See Domingo v. New England Fish Co., 727 F.2d 1429,
25   1446 (9th Cir. 1984).  As a result, it is inappropriate to
26   strike Plaintiff's prayer for prejudgment interest.

27             4.   Car Accident

28

1    Plaintiff has not asserted any connection between her car
2    accident and the causes of action alleged in the FAC.
3    Therefore, the Court grants the County's motion to strike
4    Plaintiff's prayer for damages relating to the cost of her car
5    accident.

6          5.   <u>New Employment</u>

7    Finally, the Court denies the County's Motion to Strike
8    Plaintiff's request that she "be obtained to work [sic] for
9    another job." (FAC 6:11.)  42 U.S.C. § 2000e-5 allows a court
10   to order any affirmative action that it deems appropriate in
11   the event that the court finds that the defendant
12   intentionally engaged in an unlawful employment practice.  42
13   U.S.C. § 2000e-5(g)(1).  Such action "may include, but is not
14   limited to, reinstatement or hiring of employees, with or
15   without back pay . . . or any other equitable relief as the
16   court deems appropriate.  <u>Id.</u>  The Court therefore denies the
17   Motion to Strike Plaintiff's prayer "for another job." (FAC
18   6:11.)

19   **C.   Union Defendants' Motion to Dismiss for Failure to**
20   **State a Claim Upon Which Relief Can Be Granted**

21         1.   <u>Retaliation Under Title VII</u>

22              a.   <u>Individual Union Defendants</u>

23   Because individuals cannot be held liable for retaliation
24   under Title VII, Plaintiff's cause of action against
25   Defendants Dominguez and Rangel for retaliation is dismissed
26   with prejudice.  <u>Miller</u>, 991 F.2d at 587.

27              b.   <u>The Union</u>

28

1    The Union argues that it could not have failed to file a

2    grievance on Plaintiff's behalf in retaliation for her filing

3    previous EEOC grievances because she did not file any

4    grievances against the Union until eight months after the

5    alleged refusal.

6    Plaintiff alleges that the Union refused to file a

7    grievance concerning her administrative leave on October 5,

8    2007.  (FAC ¶ 4.)  Additionally, she alleges that Defendant

9    Dominguez refused to inform her on October 16, 2007, that she

10   was required to take a psychological evaluation.  (Id.)

11   However, Plaintiff did not file her first EEOC complaint

12   against the Union until July 8, 2008.  (FAC Ex. B, Charge of

13   Discrimination No. 480-2008-03056.)

14   As a result, it is not possible that the Union could have

15   retaliated against Plaintiff for an act which she had not yet

16   committed.  See, e.g., Cohen v. Fred Meyer, Inc., 686 F.2d

17   793, 796 (9th Cir. 1982) ("The plaintiff must first establish

18   a prima facie case of retaliation by showing that she engaged

19   in a protected activity, that she was thereafter subjected by

20   her employer to adverse employment action, and that a causal

21   link exists between the two.") (emphasis added).  To the

22   extent that Plaintiff claims the Union discriminated against

23   her for filing prior EEOC complaints against the County, she

24   has not pled facts showing that the Union's conduct is

25   causally linked to her complaints against the County.

26   Because Plaintiff has failed to establish the causation

27   element of a prima facie case of retaliation under Title VII,

28

16

her cause of action for retaliation against the Union is dismissed.


2.   <u>NIED</u>

"To the extent that resolution of [] negligent infliction of emotional distress claims require[] interpretation of the [collective bargaining agreement, or] CBA, these claims are preempted by § 301 [of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.]" <u>Perugini v. Safeway Stores, Inc.</u>, 935 F.2d 1083, 1089 (9th Cir. 1991).  "State law negligence claims are preempted if the duty relied on is 'created by a collective-bargaining agreement and without existence independent of the agreement.'" <u>Ward v. Circus Circus Casinos, Inc.</u>, 473 F.3d 994, 999 (9th Cir. 2007) (quoting <u>United Steelworkers v. Rawson</u>, 495 U.S. 362, 369 (1990)).  "There is no preemption, however, if these disputes involve rights that exist independent of the CBA." <u>Saridakis v. United Airlines,</u> 166 F.3d 1272 (9th Cir. 1999).  Where a claim is preempted by the LMRA, a Plaintiff may only proceed under Section 301 if she demonstrates that the Union breached its duty of fair representation.[3]  <u>See</u> <u>Hines v. Anchor Motor Freight</u>, 424 U.S. 554, 567 (1975).

---

[3]Even if the FAC could be construed to state a claim that the Union breached its duty of fair representation, such a claim would be time-barred.  At the latest, the statute of limitations on Plaintiff's cause of action against the Union began to run on October 16, 2007, (<u>see</u> FAC ¶ 4), and expired on April 16, 2008. <u>See</u> <u>Stone v. Writer's Guilt of Am. West, Inc.</u>, 101 F.3d 1312, 1314 (9th Cir. 1996) (applying a six month statute of limitations to a breach of the duty of fair representation claim). Plaintiff did not file her complaint in this action until March 5, 2009.

Under California law, a plaintiff must plead "[t]he traditional elements of duty, breach of duty, causation, and damages" in order to state a prima facie case of negligent infliction of emotional distress. See, e.g., Fluharty v. Fluharty, 69 Cal. Rptr. 2d 244, 246 (Ct. App. 1997). "Whether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability." Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 770 P.2d 278, 281 (Cal. 1989) (internal citation and quotation marks omitted). In cases where the plaintiff is a "direct victim" of the defendant's negligence, "emotional distress damages result from a duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two." McMahon v. Craig, 97 Cal. Rptr. 3d 555, 561 (Ct. App. 2009) (internal citations and quotation marks omitted).

The FAC does not clearly delineate the basis for Plaintiff's NIED claim against the Union. To the extent that Plaintiff's NIED claim is premised upon her Title VII retaliation claim, it is preempted because emotional distress damages are not available under the remedies section of Title VII. Williams v. U.S. General Servs. Admin., 905 F.2d 308, 311 (9th Cir. 1990).

Insofar as Plaintiff's NIED claim is premised on the Union's failure to take appropriate actions in representing her- such as filing a grievance on her behalf or advising her

1  to submit to a psychological re-evaluation- her claim is

2  preempted by § 301 of the LMRA, 29 U.S.C. § 185.  Based on the

3  allegations in the FAC, the only relevant duty of care owed by

4  the Union to Plaintiff "arises out of a relationship" whose

5  contours are defined by the CBA.  McMahon, 97 Cal. Rptr. 3d at

6  561.  Absent the existence of the CBA, the Union would owe no

7  duty to Plaintiff to file a grievance on her behalf or to give

8  her advice concerning psychological evaluations.  Therefore,

9  "the duty relied on is created by a collective-bargaining

10  agreement and without existence independent of the agreement."

11  Ward, 473 F.3d at 999 (internal citation and quotation marks

12  omitted).

13      Because Plaintiff's cause of action for NIED against the

14  Union and Individual Union Defendants is preempted, the Court

15  grants the motion to dismiss.

16      **D.    Plaintiff's Motion for Summary Judgment**

17

18      Summary judgment is appropriate where "the pleadings, the

19  discovery and disclosure materials on file, and any affidavits

20  show that there is no genuine issue as to any material fact

21  and that the movant is entitled to a judgment as a matter of

22  law."  Fed. R. Civ. P. 56(c).  All reasonable inferences from

23  the evidence must be drawn in favor of the nonmoving party.

24  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A

25  genuine issue exists if "the evidence is such that a

26  reasonable jury could return a verdict for the nonmoving

27  party," and material facts are those "that might affect the

28  outcome of the suit under the governing law."  Id. at 248.  No

genuine issue of fact exists, however, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The basis of Plaintiff's Motion for Summary Judgment appears to be that the Union filed the Motion to Dismiss with the wrong judge, thereby failing to meet the deadline for filing an answer. "A defendant must serve an answer [] within twenty days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(I). According to Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). "The factors to consider include the danger of prejudice the length of the delay, its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship, 507 U.S. 380, 395 (1993). Although the Union erroneously filed its motion to dismiss before Magistrate Judge Woehrle, Plaintiff was not prejudiced because the hearing date was continued to account for any filing delay.

The Court therefore denies Plaintiff's motion for summary judgment based on any error the Union made in filing its motion to dismiss. Plaintiff has otherwise failed to demonstrate that there is no triable issue of fact. As a result, a reasonable trier of fact could find for the non-moving party and summary judgment is not appropriate.

### III. CONCLUSION

For the aforementioned reasons, the Court (1) grants in part and denies in part the County and Individual County Defendants' Motion to Dismiss, (2) grants in part and denies in part the County and Individual County Defendants' Motion to Strike, (3) grants the Union and Individual Union Defendants' motion to dismiss, and (4) denies Plaintiff's motion for Summary Judgment.  The Court orders that:

 1. Plaintiff's claims against the Union and individual Union Defendants are dismissed with prejudice.

 2. Plaintiff's claims against the individual County Defendants are dismissed with prejudice.

 3. Plaintiff's claim for NIED against the County is dismissed with prejudice.

 4. Plaintiff's prayers for damages for NIED and her car accident are stricken.

IT IS SO ORDERED.


Dated: December 3, 2009

         DEAN D. PREGERSON
        United States District Judge